**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| D.A. and A.A. o/b/o R.A., | : | |
| | : | Civil Action No.  08-cv-2377 (PGS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| HAWORTH BOARD OF EDUCATION, | : | |
| | : | |
| Defendant | : | |
| | : | |

**SHERIDAN, U.S.D.J.**

This case arises under the Individuals With Disabilities Education Act 20 U.S.C. § 1415 ( "IDEA"), and raises the issue of whether faulty responding papers on a motion may be discounted to such an extent that Plaintiffs are denied a hearing on their application for the unilateral placement of, and reimbursement of tuition for their daughter R.A. in a private school called The Windward School ("Windward") for the academic year 2006-2007. The Court has jurisdiction over this matter under 20 U.S.C. § 1415(i)(2).

I.

**Facts and procedural history**

R.A. is an eleven year-old child who resides with her parents, D.A. and A.A. ("Plaintiffs"), in Haworth, New Jersey. R.A. is eligible for special education and related services under IDEA. R.A. was enrolled in the Haworth Public School District (the "District") for the 2001-2002 school year. In June 2002, Plaintiffs withdrew R.A. from the District and placed her

in a non-public school, the Solomon Schechter Day School. During her three years at Schecter, R.A struggled academically, and based on her lack of academic progress, the Plaintiffs re-enrolled R.A. in the District for the 2005-2006 school year.

In June 2005, the Plaintiffs requested that R.A. be evaluated by the District's Child Study Team ("CST"). The evaluation revealed a developmental language disorder and mixed learning disability in R.A.; and the CST concluded that R.A. was eligible for special education and related services.  An Individualized Education Program (IEP) was prepared for R.A. and implemented in October 2005. R.A. received Resource Center Replacement reading, mathematics and language arts, each for one period per day. R.A. was also provided speech therapy three times per week in thirty minute sessions and a classroom aid to assist her in the subjects for which she did not receive resource center replacement. Under the IEP, R.A. made "consistent and meaningful progress"[1] during the year according to the District. At a District IEP meeting on June 20, 2006, Plaintiffs were given a Parental Rights in Education handbook, containing the procedural safeguards available to them. In addition, the District advised that the IEP from the prior year would be continued for the next school year. At that time, the parents were not asked and did not sign an IEP for the upcoming school year.

On August 18, 2006, Plaintiffs sent a letter to the District, advising that they intended to remove R.A and enroll her in Windward for the 2006-2007 school year. The letter did not address the IEP proposed by the District, or the reimbursement for R.A's tuition at Windward. The letter is addressed to "whom it may concern" and it reads:

---

[1]  Plaintiffs dispute this conclusion.

> Please be advised that R.A. will not be returning to the Haworth
> Public School for the upcoming school year (2006-2007).  She will
> be attending the Windward School in White Plains, New York.
>
> Hopefully R.A. will return to the Haworth Public School at some
> point in the future. We would like to thank all of Rachel's third
> grade teachers, including Bonni Erhardt's team for all their support
> and guidance with R.A.

On or about October 28, 2006, the father (D.A.) telephoned the District's attorney, Stephen R.

Fogarty, Esq. ("Fogarty"), advising that he would file a due process petition seeking

reimbursement for R.A.'s tuition at Windward.  In turn, Fogarty communicated by e-mail with

the District, informing school authorities of the Plaintiffs' intentions. The e-mail states:

> Dear Mrs Newberry and Ms. Ehrhardrt:
>
> Please be advised that I received a telephone call from D.A. today
> informing me that he is preparing to file a due process petition
> against the District, seeking reimbursement for R.A.'s unilateral
> placement at the Windward School in White Plains, New York. He
> initially contacted me to pursue a monetary settlement. However, I
> advised him that I had no authority to enter into a settlement
> agreement with him, particularly since I was unaware of the
> circumstances under which this unilateral placement occurred.
>
> If a due process petition is filed, please advise me immediately so
> that we may file an Answer and Affirmative Defenses. In the
> meantime, please send me a copy of R.A.'s last agreed upon IEP.
> Please also confirm whether or not D.A. provided the District with
> written notice ten (10) days in advance of unilaterally placing R.A.
> at the Windward School. As you know, if such notice was not
> given, we can make a sufficiency motion before the case is
> transferred to an administrative law judge.
>
> Gloria Hutchins
> Secretary to Stephen R. Fogarty

Some thirteen months later, on or about November 14, 2007, Plaintiffs filed a request to

be heard with the New Jersey Department of Education Office of Special Education Programs

regarding the District's  failure to provide an "integrated homogenous environment" for R.A.,

and seeking reimbursement for tuition and transportation expenses for R.A.'s placement in

Windward.[2]

In December 2007, Administrative Law Judge Cohen ("ALJ") conducted a hearing.  On

the first day of trial, the Board indicated that it intended to move for dismissal of Plaintiffs' claim

due to (a) the failure of the parties to provide the District with notice of their rejection of the IEP,

and (b) failure to give ten days notice prior to R.A.'s removal from the District of their concerns

or intent to unilaterally place the child in a non-public school and seek reimbursement.  N.J.A.C.

§ 6A: 14-2.10.  In January 2008, the Board submitted its motion complete with a brief and

affidavit.  The motion centers on whether Plaintiffs knew of their obligation to give notice and

whether adequate notice was provided.  At some point, Plaintiffs responded by submitting a

hybrid letter brief/affidavit ("hybrid document").

The hybrid document is set forth on a law firm's letterhead and it is in the form of a letter

addressed to the ALJ.   The hybrid document initially notes that the firm is not representing the

Plaintiffs; but D.A., a member of the firm was acting in that capacity. D.A. recognized his

limited experience since "his speciality and area of expertise is not in education law" and "he

---

[2]       Although this long gap in time between removal of R.A. and filing for a due
process hearing appears extraordinary, the regulations permit a plaintiff to file for reimbursement
within two years.  N.J.A.C. 6A:14-2.7(a)(1).   However, there is nothing herein which
undermines the ALJ's decision which found "it is disingenuous to say that the District has not
been prejudiced by the failure of the parents to ask for reimbursement for almost 1½ years." *See*
ALJ Opinion at p. 11.

who represents himself has a fool for a client." Thereafter, he "incorporates" the letter brief as an affidavit by writing "we have signed this letter before a notary. Please accept it as both a letter brief and an affidavit." Nowhere in the hybrid document does it state that the facts alleged are true, or that they affirmed or swore to same. The ALJ found that the hybrid document did not meet the requirements of an affidavit and she would not admit it into evidence. N.J.A.C. § 1:1-12.4. The regulation provides that affidavits must set forth only facts which are admissible in evidence, and to which affiants are competent to testify. *See Wheeler v Twp. of Edison*, 2008 U.S. Dist. LEXIS 31206 (D.N.J. Apr. 14, 2008); *Constr. Drilling, Inc. v. Chusid*, 63 F. Supp. 2d 509, 514 (D.N.J. 1999).

Within the hybrid document, D.A. contends that he and his family never "received any written notice of the notice requirements relied upon by Haworth." The hybrid document emphasizes "as a matter of fact, we simply did not receive any such notice." The hybrid document contends in a footnote:

> Haworth never provided any notice of the notice requirements in connection with the fourth grade IEP: not with the letter scheduling the IEP meeting, not during the IEP meeting, not following the meeting (particularly given that unlike for the third grade IEP we never signed the fourth grade IEP indicating receipt of notice requirements), and not anytime thereafter (including after receipt of the ten-day letter described below or at any time during all of which Haworth and its counsel clearly were on notice of contemplated litigation.)

Haworth averred through an affidavit that Plaintiffs advised them that the fourth grade IEP was satisfactory. The hybrid document contends otherwise; it states "in any event, the unequivocal fact is that A.A. told Haworth at the fourth grade IEP meeting in no uncertain terms that we rejected the IEP." In addition to the conflicting facts, D.A. requested within the hybrid

document discovery prior to the decision of the motion "so that the record would be complete."

The hybrid document states:

> We believe that it is unnecessary to take formal discovery in order
> to deny the motion with prejudice. However, if your Honor were
> inclined to grant the motion in whole or in part, we hereby request
> formal discovery so that the record would be complete.

The hybrid document perplexed the ALJ to some degree. The ALJ wrote that Haworth denied

any oral representation of dissatisfaction with the IEP, and the petitioners provided "no sworn

statement disputing the [District's] affidavit." The ALJ concluded:

> While the jurat at the end of the petitioner's papers refers to the
> affidavit of the petitioners, the document does not meet the
> requirements of an affidavit.  Therefore, I am left with a sworn
> statement from the District denying any oral statement of
> dissatisfaction versus the unsworn statements contained in the
> letter brief, which cannot be considered as evidence.

Through this conclusion, the ALJ failed to consider Plaintiffs' counterveiling fact that timely

notice was given by them, and the request for discovery.  The issue which arises is whether the

dismissal of Plaintiffs' action is a fitting remedy because of the faulty papers (hybrid document)

submitted.

## II.

The regulations set forth the documents necessary to file a motion or response. It is quite

clear that an affidavit may only set forth facts. The regulation states:

> (a)    Motions and answering papers shall be accompanied by all
> necessary supporting affidavits and briefs or supporting statements.
> All motions and answering papers shall be supported by affidavits
> for facts relied upon which are not of record or which are not the
> subject of official notice.  Such affidavits shall set forth only facts
> which are admissible in evidence under 1:1-15, and to which

> affiants are competent to testify.  Properly verified copies of all papers or parts of papers referred to in such affidavits may be annexed thereto.  N.J.A.C. 1:1-12.4.

In addition, the ALJ may require the parties to "submit briefs or supporting statements," and the ALJ "may direct any affiant . . . to cross examination and permit supplemental or clarifying testimony."  N.J.A.C. 1:1-12.4(b), (c). Moreover, "evidence rulings shall be made to promote fundamental principles of fairness and justice and to aid in the ascertainment of truth." N.J.A.C. 1:1-15.1(b).  Pursuant to the above, the ALJ has the discretion to form an equitable remedy for how to handle the faulty hybrid document in order to effectuate fairness and justice.

Similar to the New Jersey regulations, there is a strongly held policy in federal law that affidavits "be restricted to statement of facts within the personal knowledge of the affiant." L. Civ. R. 7.2(a).  Generally, legal arguments and summations in affidavits will be disregarded . . . and may subject the affiant to appropriate censure, sanction or both."  *Id.* Often in federal courts, judges will ignore legal argument and only use assertions based on personal knowledge.  *Dreyer v. Altchem Envtl. Servs., Inc.*, 2007 U.S. Dist. Lexis 71048 (DNJ Sept. 2007).  Here, the ALJ's disregard of the hybrid document voided Plaintiffs' submission for all intent and purposes, resulting in a dismissal of Plaintiffs' claim. Analogously, under the Local Rules, a court has sufficient discretion to censure, sanction and require a party to redo the submission.  The Judge has discretion to do what is fair under the circumstances.  L. Civ. R. 7.2(a). The same type of discretion is vested in the ALJ in order to effectuate justice and fairness. N.J.A.C. 1:1-15.1(b).

In this case, the ALJ should consider alternate disciplinary action of the pro se attorney for his lack of care; and craft an appropriate remedy.  Often courts must decide whether a lesser form of discipline other than dismissal of a suit is a more appropriate remedy. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The *Poulis* case sets forth a list of factors to consider so that "dismissal or default is reserved for instances in which it is justly merited."  Those factors should be reviewed in this case.

IT IS on this 24th day of September, 2009;

ORDERED that the matter is remanded to the ALJ for proceedings consistent with this

Opinion and Order.


                                                    *s/Peter G. Sheridan*
                                                    PETER G. SHERIDAN, U.S.D.J.

September 24, 2009

8